```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                               Case No. 14-04058-RNO
James G Adelhoch                                                     Chapter 13
          Debtor                       CERTIFICATE OF NOTICE
District/off: 0314-5          User: AutoDocke              Page 1 of 1              Date Rcvd: Mar 02, 2020
                              Form ID: 3180W               Total Noticed: 10
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2020.
```
db             +James G Adelhoch,    54 Spruce St,    Nanticoke, PA 18634-4109
cr             +Bank of America, N.A.,    Robertson, Anschutz, Schneid, P.L.,    6409 congress Ave., Suite 100,
                 Boca Raton, FL 33487-2853
cr             +Reverse Mortgage Solutions, Inc.,    Robertson Anschutz & Schneid, P.L.,
                 6409 Congress Ave., Suite 100,    Boca Raton,, FL 33487,    UNITED STATES 33487-2853
4862653        +Bank of America, N.A.,    Robertson, Anschutz & Schneid P.L.,    6409 Congress Ave. Suite 100,
                 Boca Raton, FL 33487-2853
4596992        +Bank of America, N.A.,    c/o Reverse Mortgage Solutions,    2727 Spring Creek Drive,
                 Spring, TX 77373-6130
4539300        +KML Law Group PC,    701 Market St Ste 5000,    BNY Mellon Independence Cntr,
                 Philadelphia, Pennsylvania 19106-1541
4539301        +Nationstar Mortgage dba Champion Mortgag,    350 Highland Dr,    Lewisville, TX 75067-4488
4539302        +Reverse Mortgage Solutions, Inc.,    14405 Walters Road, Suite 200,    Houston, TX 77014-1345
4937576        +Robertson, Anschutz & Schneid, P.L.,    Authorized Agent for Secured Creditor,
                 6409 Congress Ave., Suite 100,    Boca Raton, FL 33487-2853
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4602355         E-mail/Text: bkrcy@ugi.com Mar 02 2020 19:15:54      UGI Utilities Inc,    225 Morgantown Road,
                 Reading, PA 19612-1949
                                                                                              TOTAL: 1
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2020                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2020 at the address(es) listed below:
```
              Ashlee Crane Fogle    on behalf of Creditor    BANK OF AMERICA, N.A. afogle@rascrane.com
              Ashley Marie French    on behalf of Creditor    Bank of America, N.A. afrench@rasflaw.com,
               ras@ecf.courtdrive.com
              Ashley Marie French    on behalf of Creditor    BANK OF AMERICA, N.A. afrench@rasflaw.com,
               ras@ecf.courtdrive.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Brando    on behalf of Debtor 1 James G Adelhoch jabrandolaw@aol.com
              Joshua I Goldman    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kevin  Buttery    on behalf of Creditor    Reverse Mortgage Solutions, Inc. kbuttery@rascrane.com
              Robert  Spielman    on behalf of Debtor 1 James G Adelhoch bobspielman@yahoo.com,
               rssecty@yahoo.com
              Thomas I Puleo    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 10
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | James G Adelhoch | Social Security number or ITIN | xxx–xx–1408 |
| | First Name   Middle Name   Last Name | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | __-_____ |
| United States Bankruptcy Court | Middle District of Pennsylvania | | |
| Case number: | 5:14–bk–04058–RNO | | |

# Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

James G Adelhoch

3/2/20

**By the court:**

*Robt N. Opel II*

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: JoanGoodling, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**